UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

RODICA A. BONCIOAGA,   Case No. 18-19151-LMI
                      Chapter 7

      Debtor.
_____/

**TRUSTEE'S RESPONSE IN OPPOSITION TO CENTRAL VALLEY
COMMUNITY BANK'S MOTION FOR RELIEF FROM STAY**

MARCIA T. DUNN, as Chapter 7 Trustee (the "Trustee"), by and through undersigned counsel, pursuant to 11 U.S.C. § 362(d) and Local Rule 4001-1(D), hereby files this Response in Opposition to Central Valley Community Bank's Motion for Relief from Automatic Stay (the "Response"), and in support states:

**BACKGROUND**

1.    On July 30, 2018 (the "Petition Date"), the Debtor, RODICA A. BONCIOAGA ("Debtor"), filed a voluntary petition for relief under Title 11, Chapter 7 of the United States Bankruptcy Code.

2.    On August 30, 2018, the Debtor's First Meeting of Creditors was held post-conversion and concluded.

3.    The Debtor's filed Schedule "A/B" [D.E. 12] lists the ownership in certain real property located at 2620 Huntington Road, Sacramento, CA 95864 (the "Real Property"), jointly owned in fee simple by the Debtor and the non-filing spouse, DOREL MITRUIT ("Mitruit"), with a scheduled value of **$1,527,578.28.**

4.    The Debtor's Schedule "D" [D.E. 12] indicates the Real Property is encumbered by a mortgage lien in favor of Central Valley Community Bank ("Central Valley").

5. On September 10, 2018, Central Valley filed its Motion for Relief from Automatic Stay (the "Motion for Relief") [D.E. 22], wherein Central Valley claims a first priority mortgage and security interest in, among other things, the Real Property (the "Mortgage") with an unpaid principal balance of **$1,672,687.59** as of the Petition Date.

6. Pursuant to the Motion for Relief, Central Valley alleges the market value the Real Property to be $1,527,578.28 without more (*see* Mot. ¶ 7).

7. According to an Appraisal obtained by the Trustee, the fair market value of the Real Property is at least **$2,395,000.00** as of November 2017. A true copy of the Appraisal prepared for Athas Capital Group is attached hereto as **Exhibit "A."**

## LEGAL ARGUMENT

8. The Trustee respectfully submits that Central Valley's Motion for Relief should be denied as the Trustee disputes Central Valley's value of the Real Property, which may have equity above the alleged amounts owed to Central Valley.

9. The Trustee respectfully requests an evidentiary hearing on the issue of valuation pursuant to Local Rule 4001-1(E).

10. "The decision whether to lift the stay lies in the sound discretion of the bankruptcy court." *In re Patterson*, 967 F.2d 505, 509 (11th Cir. 1992); *Small Business Admin. v. Rinehart,* 887 F.2d 165, 169 (8th Cir.1989). "A movant seeking relief from the automatic stay under § 362(d)(1) 'must demonstrate a factual and legal right to the relief that it seeks.'" *In re 412 Boardwalk, Inc.*, 520 B.R. 126, 132-33 (Bankr.M.D.Fla.2014) (quoting *In re Elmira Litho, Inc.*, 174 B.R. 892, 902 (Bankr.S.D.N.Y.1994)). "The party seeking relief from the automatic stay must establish a prima facie case of cause for relief." *Id.* (citing *In re George,* 315 B.R. 624, 628 (Bankr.S.D.Ga.2004)); *see also In re Powell,* 223 B.R. 225, 232 (Bankr.N.D.Ala.1998). "Absent

such showing, relief from the effect of the stay will be denied." *Id.* (citing *In re Bogdanovich,* 292 F.3d 104, 110 (2nd Cir. 2002)); *see also Elmira Litho, Inc.,* 174 B.R. at 900.

11.     A court may lift the automatic stay "for cause" under 11 U.S.C. § 362(d)(1). "Because 'cause' is not further defined in the Bankruptcy Code, relief from the stay for cause is a discretionary determination made on a case-by-case basis." *412 Boardwalk, Inc*., 520 B.R. at 132 (citing *Laguna Assocs. Ltd. P'ship,* 30 F.3d 734, 737 (6th Cir.1994)).

12.     Further, "[t]o obtain relief from the stay under § 362(d)(2), a debtor must have no equity in the property and the property must not be necessary to an effective reorganization." *412 Boardwalk, Inc*., 520 B.R at 134 (citing *In re Lamelas,* No. 12–26067–AJC, 2013 WL 324028 at *5 (Bankr.S.D.Fla. Jan. 28, 2013)). "Both parts must be satisfied before relief can be granted." *In re Moulton,* 393 B.R. 752, 766 (Bankr.N.D.Ala.2008).

13.     The only valuation submitted by Central Valley in support of its Motion for Relief is the value of the Real Property as scheduled by the Debtor (*see* Mot. ¶ 7).  As Central Valley has failed to submit any evidence demonstrating the value of the Real Property secured by its Mortgage, and the market value of the Real Property asserted by the Trustee ($2,395,000) exceeds the value claimed by Central Valley ($1,672,687), the Trustee submits that Central Valley may be adequately protected.

14.     The primary purpose of an equity cushion is to offset the risk of a collateral's depreciation in value. *See, e.g., In re Delta Res*., 54 F.3d 722, 730 (11th Cir. 1995) (creditor's interest in property must be adequately protected to cover decline in value of collateral).  Indeed, courts have routinely found that even a 10-20 percent equity cushion is sufficient. *See In re Mellor,* 734 F.2d 1396, 1401 (9th Cir. 1984) (20 percent equity cushion was adequate protection for a secured creditor); *In re McGowan,* 6 B.R. 241, 243 (Bankr.E.D.Pa.1980) (ten percent equity

cushion provides adequate protection); *In re Rogers Dev. Corp.,* 2 B.R. 679, 685 (Bankr.E.D.Va.1980) (equity cushion of between 15 percent and 20 percent sufficient to adequately protect creditor).

15. Here, where the Real Property secured by the Mortgage is actually appreciating assets, Central Valley cannot establish a lack of adequate protection as the "cause" necessary for stay relief under 11 U.S.C. § 362(d).

16. As set forth above, the Trustee submits that (1) Central Valley's interest in the Real Property is adequately protected; and (2) the Real Property may be necessary for an orderly liquidation of the Estate.

17. Accordingly, as Central Valley has failed to meet its burden of demonstrating "cause" under § 362(d)(1) or that the Real Property (or other collateral) lacks equity under § 362(d)(2), the Trustee respectfully requests that Court deny Central Valley's Motion for Relief.

18. The Trustee expressly reserves the right to amend or supplement this Response at any time prior to or at hearing on this matter.

**WHEREFORE**, for the reasons more particularly set forth herein, the Trustee respectfully requests the entry of an Order: (i) denying Central Valley's Motion for Relief; (ii) scheduling an evidentiary hearing pursuant to Local Rule 4001-1(E); and (iii) granting such other and further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 24, 2018, a true and correct copy of the foregoing was served via the Court's CM/ECF electronic transmission system to all interested parties who are currently on the list to receive e-mail notice and service for this case, and/or via First Class U.S. Mail to the following parties:

Rodica A. Boncioaga, Debtor
3000 NE 190 St., #202
Aventura, FL 33180-2328

Dorel Mitrut, Co-Borrower
300 190th St., Apt. 202
Aventura, FL 33160-2328

Dorel Mitrut, Co-Borrower
3000 NE 190th Street, #202
Aventura, FL 33180-3182

Dorel Mitrut, Co-Borrower
2620 Huntington Road
Sacramento, CA 95864

Wanda D. Murray, Esq.
Counsel for Central Valley Community Bank
Aldridge Pite, LLP
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
WMurray@aldridgepite.com

**DUNN LAW, P.A.**
*Counsel for Chapter 7 Trustee, Marcia T. Dunn*
555 NE 15th Street, Suite 934-A
Miami, Florida 33132
Phone: (786) 433-3866
Fax:    (786) 260-0269
alexis.read@dunnlawpa.com

By: /s/ *Alexis S. Read*
    Alexis S. Read, Esq.
    Fla. Bar No. 98084