**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

RODICA A. BONCIOAGA,                    Case No. 18-19151-LMI
                                        Chapter 7

    Debtor.
_____/

**TRUSTEE'S *EX PARTE* MOTION TO (1) EMPLOY REAL**
**ESTATE BROKER AND (2) APPROVE LISTING AGREEMENT**

MARCIA DUNN, as Chapter 7 Trustee ("Trustee") of the bankruptcy estate of RODICA A. BONCIOAGA (the "Estate"), by and through undersigned counsel and pursuant to 11 U.S.C. §§ 327(a) and 363, Fed.R.Bankr.P. 2014 and Local Rule 9013-1(C)(4), respectfully requests the Court enter an *ex parte* Order: (1) approving the retention of Mike Trainor and Realty ONE Group as real estate broker for the Trustee, to provide certain real estate brokerage services in this case, as more fully set forth below; (2) approving the listing agreement and authorizing the Trustee to enter into a listing agreement with the broker; and states:

**BACKGROUND**

1.      On July 30, 2018 (the "Petition Date"), RODICA A. BONCIOAGA (the "Debtor"), commenced the instant bankruptcy case with the filing of a voluntary petition under Chapter 7, Title 11 of the United States Bankruptcy Code.

2.      Marcia T. Dunn is the duly appointed Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate").

3.      On August 30, 2018, the Debtor's §341 Meeting of Creditors was held and concluded.

*The Real Property*

4.    The Debtor's filed Schedule "A/B" [D.E. 12] lists ownership interest in a real property, located at 2620 Huntington Road, Sacramento, CA 95864 (the "Real Property"), more particularly described as follows:

**PARCEL NO. 1:**
**THE WEST 77 FEET OF THE EAST 167 FEET OF LOT 1, OF SIERRA OAKS VISTA UNIT NO. 2, A RE-SUBDIVISION OF LOTS 33, 34 AND 35 AND PORTIONS OF LOTS 36, 37 AND 38 OF OAK FIELD SACRAMENTO COUNTY, CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF, FILED IN THE OFFICE OF THE RECORDER OF SACRAMENTO COUNTY, CALIFORNIA, ON JANUARY 24, 1938 IN BOOK 20 OF MAPS, MAP NO. 40; SAID MEASUREMENTS BEING AT RIGHT ANGLES TO THE EAST LINE OF SAID LOT 1.**

**PARCEL NO. 2:**
**ALL THAT PORTION OF LOT 1 OF SIERRA OAKS VISTA UNIT NO. 2, A RE-SUBDIVISION OF LOTS 33, 34 AND 35 AND PORTIONS OF LOTS 36, 37 AND 38 OF OAK FIELD SACRAMENTO COUNTY, CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF, FILED IN THE OFFICE OF THE RECORDER OF SACRAMENTO COUNTY, CALIFORNIA, ON JANUARY 24, 1938 IN BOOK 20 OF MAPS, MAP NO. 40, DESCRIBED AS FOLLOWS: BEGINNING AT A POINT ON THE NORTHERLY BOUNDARY OF LOT 1, SAID POINT BEARING NORTH 80 DEGREE 11'30" WEST, A DISTANCE OF 240.00 FEET TO A POINT ON THE SOUTHERLY BOUNDARY OF LOT 1; THENCE SOUTH 80 DEGREE 11'30" EAST ALONG SOUTHERLY BOUNDARY A DISTANCE OF 23.00 FEET TO A POINT, THENCE NORTH 9 DEGREE 48'30" EAST, A DISTANCE OF 240.00 FEET TO A POINT ON THE NORTHERLY BOUNDARY OF LOT; THENCE NORTH 80 DEGREE 11'30" WEST ALONG THE NORTHERLY BOUNDARY A DISTANCE OF 23.00 FEET TO THE POINT OF BEGINNING.**

**Parcel No.: 293-0012-002-0000**

5.    The Real Property is owned jointly with Debtor's non-filing spouse Dorel Mitrut,

6.    Debtor's Schedule C [D.E. 12] does not claim the Real Property as homestead or otherwise exempt.  Therefore, the Debtor's one-half interest in the Real Property is property of the Estate pursuant to 11 U.S.C. § 541(a).

7.    Debtor's Schedule D [D.E. 12] indicates that the Real Property is encumbered by a mortgage lien in favor of a Central Valley Community Bank (the "Secured Lender"), with an

unpaid balance of $1,672,687.59, as of the Petition Date.

8.      Upon information and belief, the Trustee believes there is equity in the Real Property to realize from a sale of the Real Property.

9.      As such, it is necessary for the Trustee to employ a licensed real estate broker with the requisite real estate brokerage experience to handle the Trustee's marketing efforts.

### The Trustee's Efforts to Market and Sell the Real Property

10.     In order to be able to effectively market and sell the Real Property for the highest possible price, the Trustee seeks to employ Mike Trainor and Realty ONE Group, with an office located at 1150 Sunset Blvd., Suite 150, Rocklin, California 95765, as real estate broker and agent (collectively the "Broker").  The Trustee has conferred with the Broker, who has the ability and experience to represent the Trustee.

11.     The Trustee believes that the employment of Mike Trainor and Realty ONE Group as the Broker and listing real estate agent for purposes of marketing and selling the Real Property is in the best interest of the Estate.

12.     Realty ONE Group, with Mike Trainor as the licensed real estate agent, has agreed to market and show the Real Property to prospective purchasers and otherwise represent the Estate as seller in connection with the sale of the Real Property.

13.     The professional services to be rendered are summarized as follows:

    a.   Analyze and determine the market value of the Real Property;

    b.   Advertise and show the Real Property to potential buyers;

    c.   Sell and assist with the closing of the sale of the Real Property.

14.     The Broker is a disinterested party who does not hold any adverse interest to the Estate, as required by 11 U.S.C. § 101(14), as set forth in the Affidavit attached hereto as **Exhibit**

"A."

15.    Attached to this Motion as **Exhibit "B"** is a copy of the proposed listing agreement between the Trustee and the Broker as agent (the "Listing Agreement"), subject to the Court's approval, the principal terms of which provide that: (i) Broker shall receive a commission fee in the amount of six percent (6%) of the total purchase price of the Real Property to be paid at closing, with the Broker agreeing to share such commission with any cooperating buyer's broker, if applicable; (ii) the Trustee will be selling the Real Property as is, where is, and subject to all liens an encumbrances except for real estate taxes and other debts usually paid at closing; and (iii) the contract for sale and all expenses to be paid in accordance with the sale is subject to approval by the Bankruptcy Court.  Further, the Broker may enter into a separate agreement with other brokers to assist in the short sale process, if needed.  No additional fee will be required.

16.    The Trustee submits that a 6% commission rate is standard within the real estate industry.

17.    The Trustee further requests that the Court authorize the Trustee to enter into a contract for the sale of the Real Property, which will be contingent upon further Court order.

18.    This bankruptcy estate has limited resources however, substantial benefits will be realized by this bankruptcy estate should the sale of the Real Property prove successful. Accordingly, the Trustee seeks this Court's approval to allow Broker to be compensated on a commission basis as outlined above.

19.    The duties to be performed by Broker will not be duplicative of any duties being performed by other estate professionals.

20.    Upon procuring a contract for the sale of the Real Property, the Trustee will file a motion, pursuant to 11 U.S.C. § 363 and Fed.R.Bank.P. 6004, for the approval of the sale of the

Real Property and payment of the Broker's (and any participating broker's) commission(s).

21.    In the event that the marketing period is not sufficient for finding a purchaser, the Trustee may request additional time for the marketing period, subject to Court approval.

22.    Approving the process set forth above would be in the best interest of the Estate and would allow the Trustee to liquidate and monetize the Real Property for the benefit of unsecured creditors.

**WHEREFORE**, for the reasons set forth herein, Marcia Dunn, as Chapter 7 Trustee, respectfully requests that the Court enter an Order in the form attached hereto as **Exhibit "C"**: (a) approving the retention of Mike Trainor and Realty ONE Group as listing real estate agent and Broker for the Trustee; (b) authorizing the Trustee to enter into the Listing Agreement with the Broker, attached as **Exhibit "B"**; (c) authorizing the Trustee to enter into a contract for the sale of the Real Property, subject to further Court approval; and (d) granting such other and further relief as the Court deems just and proper.

Dated: November 8, 2018              Respectfully Submitted,

**DUNN LAW, P.A.**
*Counsel for Marcia T. Dunn, Trustee*
555 N.E. 15th Street
Suite 934-A
Miami, Florida 33132
Tel: 786-433-3866
Fax: 786-260-0269
michael.dunn@dunnlawpa.com

By: */s/ Michael P. Dunn            .*
      Michael P. Dunn, Esq.
      Florida Bar No. 100705

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by U.S.

First Class Mail on November 8, 2018, upon the following:

| | |
|---|---|
| Rodica Boncioaga, *Debtor* | Mike Trainor, *Proposed Real Estate Broker* |
| 3000 NE 190 Street, #202 | Realty ONE Group |
| Aventura, FL 33180-3182 | 1150 Sunset Blvd., Suite 150 |
| | Rocklin, CA 95765 |

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via Notice

of Electronic Filing (CM/ECF) on November 8, 2018, upon all registered users in this case.

By: */s/ Michael P. Dunn*
Michael P. Dunn, Esq.
Florida Bar No. 100705